T.C. Summary Opinion 2016-71

UNITED STATES TAX COURT

HECTOR BAWAK BESONG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30447-13S.                        Filed November 3, 2016.

Hector Bawak Besong, pro se.

Brian Pfeifer, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated August 6, 2013 (notice), respondent determined deficiencies in, and penalties with respect to, petitioner's Federal income tax for 2009 and 2010 as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
| --- | --- | --- |
| 2009 | $23,087 | $4,617.40 |
| 2010 | 10,924 | 2,184.80 |

After concessions, the issues for decision are whether petitioner: (1) has accurately reported the cost of goods sold on a Schedule C, Profit or Loss From Business, included with his 2009 Federal income tax return; (2) is entitled to certain deductions claimed on Schedules C filed with his 2009 and 2010 Federal income tax returns; (3) is entitled to a dependency exemption deduction for his mother for 2010; and (4) is liable for a section 6662(a) accuracy-related penalty for either year in issue.

[1](...continued)
Code of 1986, as amended, in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. Petitioner, a native of the Republic of Cameroon (Cameroon), resided in Germany when the petition was filed.

While on vacation petitioner learned of a Brazilian company named Lorenzetti that manufactures an electric shower head that allows for a hot shower without the need for a water heater; the water is heated in the shower head itself. In 2008 petitioner acquired the rights to market the shower head in Cameroon. Initially petitioner contracted with a third-party company to manage and/or assist in the distribution of the shower heads in Cameroon. Later, petitioner replaced that company with Groupe Hamaya International (Groupe Hamaya).

At various times during 2008 petitioner purchased, with the intent to resell in Cameroon, shower heads from Lorenzetti. The purchases are evidenced by petitioner's bank records that show wire transfers of funds from his account at Wells Fargo to Lorenzetti's bank account. Apparently petitioner's arrangements with Groupe Hamaya obligated him to pay that company for the expenses it incurred in distributing the shower heads for resale, including the costs of transporting the shower heads to a warehouse, or warehouses, where the inventory was stored, and from a warehouse, or warehouses, to distributors or retailers.

Petitioner's arrangements with Groupe Hamaya also obligated him to pay that company commissions on sales that it generated. Payments made to Groupe Hamaya under the terms of petitioner's contract with that company were usually made in cash.

During 2010 petitioner lived in a rented townhouse in Philadelphia with his daughter, his mother, and the mother of his daughter. As of the close of 2010 petitioner was not married. Petitioner's mother moved from Cameroon to the United States in 2010. During that year she received a pension from her prior employment as a teacher in Cameroon; she was not employed during that year.

Petitioner prepared his 2009 and 2010 Federal income tax returns using a commercially available return preparation software program. His self-prepared, timely filed 2009 and 2010 returns each include a Schedule C. The Schedules C show the name of the business as 3B International, LLC (International),[2] and show petitioner as the sole proprietor. The items reported on the Schedules C, shown in the following table, relate to the distribution of the shower heads.

---

[2]International is a limited liability company organized by petitioner under the laws of Delaware. At all times relevant it was treated as a sole proprietorship for Federal income tax purposes.

|                          | 2009    | 2010    |
|--------------------------|---------|---------|
| Income:                  |         |         |
| Gross receipts or sales  | $7,700  | $8,900  |
| Cost of goods sold       | 14,826  | -0-     |
| Expenses:                |         |         |
| Rent or lease of other business property | 13,200 | 15,600 |
| Interest (other)         | 16,300  | 1,300   |
| Contract labor           | 26,700  | 925     |
| Commissions and fees     | 1,800   | 1,060   |
| Car and truck            | 5,850   | 6,360   |
| Utilities                | 4,590   | 5,160   |
| Travel, meals, and entertainment | 3,935 | 5,950 |

Also, as relevant, on his 2010 return petitioner claimed a dependency exemption deduction for his mother.

In the notice respondent: (1) determined that petitioner had failed to include interest of $42 in income for 2009; (2) increased petitioner's 2009 income by $2,990 for a State tax refund; (3) disallowed the cost of goods sold as well as deductions claimed on the Schedule C for rent or lease of other business property, interest (other), contract labor, commissions and fees, car and truck expenses, utilities, and travel for 2009; (4) disallowed deductions claimed on the Schedule C for rent or lease of other business property, interest (other), commissions and fees,

car and truck expenses, utilities, and travel for 2010; (5) disallowed the dependency exemption deduction petitioner claimed for his mother for 2010; and (6) imposed a section 6662(a) accuracy-related penalty on various grounds for each year.[3] Other adjustments made in the notice are computational and need not be addressed.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[4] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses

---

[3]Respondent concedes that petitioner was not required to report a Pennsylvania State tax refund of $2,990 on his 2009 Federal income tax return. Petitioner concedes that he failed to report interest income of $42 from ING Direct for 2009. Petitioner also concedes that he is not entitled to the following deductions claimed on his Schedules C for tax years 2009 and 2010:

| Expense | 2009 | 2010 |
| --- | --- | --- |
| Rent or lease of other business property | $13,200 | $15,600 |
| Interest (other) | 16,300 | 1,300 |
| Utilities | 4,590 | 5,160 |

[4]Petitioner does not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

for deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

I. Schedule C Deductions

Taxpayers may deduct ordinary and necessary expenses paid or incurred in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred an expense contemplated by section 162(a), but the taxpayer is unable to adequately substantiate the amount of the expense, then the Court may estimate the amount of the expense and allow the section 162(a) deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made.

Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Otherwise, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner claimed various deductions[5] on the Schedules C for International for 2009 and 2010, all of which relate to petitioner's trade or business as the sole proprietor of International. Some of the deductions have been allowed and some disallowed. We address only the deductions that remain in dispute.

A. Cost of Goods Sold

Petitioner reported cost of goods sold of $14,826 on the 2009 Schedule C. According to petitioner, that amount represents International's 2008 ending inventory that was used during 2009 for promotional materials provided to prospective buyers. According to respondent, petitioner has failed to substantiate the amount as claimed.

At trial petitioner acknowledged that he probably should have claimed the amount as some type of advertising expense deduction rather than cost of goods sold as none of the items to which the amount relates were actually sold.

_____

[5]For convenience, references to deductions will include cost of goods sold even though technically cost of goods sold is taken into account in the determination of a taxpayer's gross income. See Max Sobel Wholesale Liquors v. Commissioner, 69 T.C. 477 (1977), aff'd, 630 F.2d 670 (9th Cir. 1980).

Accounting technicalities aside, we could ignore petitioner's mischaracterization of the amount in dispute if petitioner had established the cost of the items used for promotional purposes, but he did not. His uncorroborated, generalized testimony regarding inventory purchased in 2008 does not include sufficient detail to allow for a finding on the point. Accordingly, respondent's disallowance of the amount shown for cost of goods sold on the Schedule C included with petitioner's 2009 return is sustained.

B. Contract Labor

Petitioner claimed a $26,700 deduction for contract labor on International's 2009 Schedule C. According to petitioner, the deduction relates to the monthly fee, approximately 1,200,000 Central African CFA francs,[6] he was required to pay Groupe Hamaya for their business development and distribution services. According to respondent, petitioner has failed to substantiate this deduction.

With respect to the contract labor expense, petitioner provided receipts from Groupe Hamaya substantiating payments totaling 14,400,000 Central African CFA

---

[6]Respondent does not challenge the conversion rate petitioner apparently used to convert Central African CFA francs to U.S. dollars as reflected on his 2009 and 2010 returns. We assume, without finding, that the proper conversion rate was used.

francs for 2009. Accordingly, petitioner is entitled to a deduction for contract labor expenses as shown on the Schedule C for 2009.

C. <u>Commissions and Fees</u>

Petitioner claimed deductions of $1,800 and $1,060 for commissions and fees on the Schedules C for 2009 and 2010, respectively. Petitioner contends that the commissions and fees expenses relate to the contract with Groupe Hamaya. Specifically, petitioner explained that the expenses relate to sales commissions which were in addition to the base fee that Groupe Hamaya charged. According to respondent, petitioner has failed to substantiate the expenses underlying this deduction.

With respect to the commissions and fees expenses, petitioner provided receipts from Groupe Hamaya substantiating payments totaling 900,000 and 550,000 Central African CFA francs for 2009 and 2010, respectively. Accordingly, petitioner is entitled to deductions for commissions and fees expenses as shown on the Schedules C for 2009 and 2010.

D. <u>Car and Truck</u>

Petitioner claimed deductions of $5,850 and $6,360 for car and truck expenses on the Schedules C for 2009 and 2010, respectively. According to petitioner, the car and truck expenses also relate to the contract with Groupe

Hamaya. More specifically, petitioner explained that the car and truck expenses were fees he paid to Groupe Hamaya "to move product from the warehouse to one of the different distributors". According to respondent, petitioner has failed to meet the strict substantiation requirements of section 274(d).

Although petitioner described these deductions on his Schedule C as "car and truck expenses", they are, in fact, not related to the use of vehicles owned by him. Instead the expenses related to petitioner's obligations under his contract with Groupe Hamaya. Accordingly, petitioner is not required to satisfy the strict substantiation requirements of section 274(d) with respect to these expenses. Otherwise, petitioner provided receipts from Groupe Hamaya substantiating payments totaling 2,924,765 and 3,179,665 Central African CFA francs for 2009 and 2010, respectively. Accordingly, petitioner is entitled to deductions for car and truck expenses as shown on the Schedules C for 2009 and 2010.

E. Travel, Meals, and Entertainment

Petitioner claimed deductions of $3,935 and $5,950 for travel, meals, and entertainment expenses on the Schedules C for 2009 and 2010, respectively. According to petitioner, the travel, meals, and entertainment expenses also relate to the contract with Groupe Hamaya. More specifically, petitioner explained that the expenses were in addition to the other specific fees he was obligated to pay

under that contract. According to respondent, petitioner has failed to meet the strict substantiation requirements of section 274(d) with respect to these deductions.

As with the deductions for car and truck expenses, the deductions described as "travel, meals and entertainment" relate not to expenses that petitioner incurred for such purposes but rather to reimbursements to Groupe Hamaya for such expenses that he was obligated to make. Consequently, the strict substantiation requirements set forth in section 274(d) do not apply. Nevertheless, petitioner did not provide adequate records or other sufficient evidence corroborating his testimony to substantiate the deduction for 2009, nor are we able to estimate the expense. See Vanicek v. Commissioner, 85 T.C. at 743. He did provide a receipt from Groupe Hamaya substantiating a payment of 2,974,784 Central African CFA francs for 2010. Accordingly, petitioner is not entitled to a deduction for travel, meals, and entertainment expenses for 2009 but is entitled to a deduction for travel, meals, and entertainment expenses as shown on the Schedule C for 2010.

II. Dependency Exemption Deduction

Petitioner claimed a dependency exemption deduction for his mother for 2010. Respondent disallowed the deduction.

In general, a taxpayer is entitled to an additional exemption deduction for each of the taxpayer's dependents. Sec. 151(a), (c). As applicable here, the term "dependent" includes a taxpayer's qualifying relative. See sec. 152(a)(2). In addition to other requirements, an individual fits within the definition of a taxpayer's qualifying relative for any given year only if the taxpayer provides over one-half of the individual's support during that year. Sec. 152(d)(1)(C).

In order to support a finding that he provided more than one-half of his mother's total support during 2010, petitioner must establish: (1) the total amount of support his mother received from all sources during 2010 and, of that amount (2) the amount he provided. The evidence petitioner offered on these points is insufficient to establish either.

Petitioner has failed to establish that his mother was his qualifying relative for 2010. It follows that he is not entitled to a dependency exemption deduction for his mother for that year. Respondent's disallowance of that deduction is sustained.

III. Section 6662(a) Accuracy-Related Penalties

As relevant here, section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's: (1) negligence or disregard of rules or regulations or (2) substantial understatement of income tax. Sec.

6662(a) and (b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement of income tax" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs. Respondent bears the burden of production with respect to the imposition of the section 6662(a) accuracy-related penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Petitioner failed to maintain adequate substantiating records for some of the expenses underlying the deductions claimed on his 2009 return. According to respondent, that failure justifies the imposition of a section 6662(a) accuracy-related penalty upon the ground of negligence for that year. We agree. Furthermore, to the extent that Rule 155 computations establish a substantial understatement of income tax for either year in issue, respondent has met his burden with respect to that year.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith

with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner bears the burden of proving that he had reasonable cause and acted in good faith with respect to the underpayments. See Higbee v. Commissioner, 116 T.C. at 449. This he has failed to do. He has offered no explanation for the items he has conceded and has otherwise failed to show that he had reasonable cause and acted in good faith with respect the underpayments of tax attributable to the issues decided against him in this opinion. It follows that he is liable for a section 6662(a) penalty for 2009, and if the Rule 155 computations establish that petitioner has a substantial understatement of income tax for 2010, he is liable for the section 6662(a) penalty for that year as well.

To reflect the foregoing,

Decision will be entered under Rule 155.